UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL HUMMEL, | CASE NO. C23-1915JLR |
| Plaintiff, | ORDER |
| v. | |
| U.S. BANCORP, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Defendants U.S. Bancorp and U.S. Bank National Association's (together, "US Bank") motion to exclude the testimony of Plaintiff Carol Hummel's expert, Tom Baird.  (MTE (Dkt. # 34); Reply (Dkt. # 36).)  Ms. Hummel opposes the motion.  (Resp. (Dkt. # 35).)  The court has considered the parties'

//

//

//

ORDER - 1

submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court DENIES US Bank's motion.

## II.     BACKGROUND

This case arises out of a slip-and-fall incident that occurred at US Bank's branch office in Kirkland, Washington on December 7, 2020.  (Compl. (Dkt. # 1-1) ¶¶ 3.1-3.2.) Ms. Hummel alleges that she fell in the parking lot and suffered injuries as a result of US Bank's failure to keep its premises in a reasonably safe condition.  (*Id*. ¶¶ 3.3-3.5, 4.1-4.7.)  Ms. Hummel initiated her suit in King County Superior Court in November 2023. (*See* 12/13/23 Not. (Dkt. # 1) at 1-2.)  On December 13, 2023, US Bank removed the matter to this court.  (*See generally id..*)  The parties waived a jury trial and thus the court will hold a bench trial to decide this matter.  (*See* Sched. Order (Dkt. # 12).)

On February 1, 2024, Ms. Hummel served initial disclosures.  (Initial Discl. (Dkt. # 13).)  Her disclosure included the preliminary opinion report and curriculum vitae ("CV") of her expert witness, Tom Baird, a Certified Forensic Consultant, Certified Walkway Safety Auditor, and Certified Floor Safety Technician who serves on the National Floor Safety Institute's Committee on the Identification and Elimination of Interior and Exterior Trip Hazards on Walking Surfaces, Stair, Steps, and Ramps.  (*See* Baird Report (Dkt. # 13-1) at 1; *see also* Baird CV (Dkt. # 13-2).)  On October 9, 2024, Ms. Hummel timely disclosed Mr. Baird as a potential expert witness.  (*See* Exp. Discl.

//

---

[1] The parties do not request oral argument, and the court concludes that oral argument is not necessary to decide the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

(Dkt. # 17); Baird CV 2 (Dkt. # 17-1).)  Counsel for US Bank took Mr. Baird's deposition on August 18, 2025.  (MTE at 4; Resp. at 10.)

On November 4, 2025, the court held a hearing during which, in relevant part, it limited Mr. Baird's testimony to identifying the substance Ms. Hummel slipped on as oil. (11/4/25 Min. Order (Dkt. # 33); *see* 11/4/25 Min. Entry (Dkt. # 32); (Mot. to Modify (Dkt. # 24).)  US Bank moved to exclude Mr. Baird's testimony November 24, 2025. (*See generally* MTE.)  Briefing on US Bank's motion to exclude is complete and the issue is ripe for the court's review.

## III.    ANALYSIS

The court first sets forth the relevant standard of review and then turns to US Bank's motion to exclude.

**A**.    **Standard of Review**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Testimony is permitted if it is both relevant and reliable.  *Est. of Barabin v. AstenJohnson, Inc*., 740 F.3d 457, 463 (9th Cir. 2014) (en banc) (citing Fed. R. Evid. 702), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020).  "Before admitting expert testimony into evidence, the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Rule 702."  *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting *Daubert v. Merrell Dow Pharms., Inc*. ("*Daubert I*"), 509 U.S. 579, 597 (1993)). The district court's gatekeeping function is less critical in a bench trial as judges are less likely than jurors to be prejudiced by inadmissible expert opinions.  *See Shore v. Mohave*

ORDER - 3

*Cnty., State of Ariz.*, 644 F.2d 1320, 1322–23 (9th Cir. 1981) ("Since this was a bench trial, there was little danger under the circumstances that the court would have been unduly impressed by the expert's testimony or opinion."); *see also E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (noting that "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial").

Expert testimony is relevant if it "will help the trier of fact to understand the evidence or to determine a fact in issue." *Daubert I*, 509 U.S. at 591 (citing Fed. R. Evid. 702(a)); *see also Daubert v. Merrell Dow Pharms., Inc.* ("*Daubert II*"), 43 F.3d 1311, 1315 (9th Cir. 1995) (explaining that relevant evidence is that which "logically advances a material aspect of the proposing party's case").

Expert testimony is reliable if it is "based on sufficient facts or data," "is the product of reliable principles and methods[,]" and "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). More generally, evidence is reliable "if the knowledge underlying it 'has a reliable basis in the knowledge and experience of [the relevant] discipline.'" *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999)).

The proponent of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. *See Daubert I*, 509 U.S. at 592 n.10. Courts liberally construe Rule 702 in favor of admissibility. *See id.* at 588. Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony –

they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (emphasis in original). Furthermore, "[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." *Id.* at 1231 (internal quotation marks and citation omitted).

**B.     US Bank's Motion to Exclude Mr. Baird is Denied.**

US Bank asserts that Mr. Baird's testimony should be excluded because (1) his methodology is not sufficiently reliable due to it not relying on "scientific, technical, or other specialized knowledge," and (2) his testimony is not relevant and thus will not assist the trier of fact. (MTE at 8-15.) The court will address each in turn.

1.     Mr. Baird's testimony is sufficiently reliable.

Courts consider the following factors in determining reliability:

(1) whether the theory or technique employed by the expert is generally accepted in the scientific community;
(2) whether it's been subjected to peer review and publication;
(3) whether it can be and has been tested; and
(4) whether the known or potential rate of error is acceptable.

*Daubert II*, 43 F.3d at 1316-17 (citation omitted). But these factors are not a "definitive checklist or test," *see Daubert I*, 509 U.S. at 593, and "[i]n other cases, the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire*, 526 U.S. at 150. Nor do the *Daubert* factors "necessarily apply even in every instance in which the reliability of scientific testimony is challenged." *Id*. at 151. Rather, "Rule 702 grants the district judge the discretionary authority . . . to determine reliability in light of the particular facts and circumstances of the particular case." *Id*. at 158; *see also*

*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("[A] trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." (internal quotation marks omitted)).

Mr. Baird's preliminary opinion report is his only expert report and includes exhibits, such as photographs of Ms. Hummel's injuries, photographs and Google Map images of the US Bank location where the incident occurred, as well as photographs and a slope measurement from a site visit. (*See* Baird Report.)  US Bank contends that Mr. Baird's methodology is not reliable because it is not based on science or technical data, and is backwards-looking and conclusory, meaning he cannot establish any sort of causal basis or relatedness.  (MTE at 8-9; *see id*. at 9-12 (asserting that Mr. Baird is not using "any particular methodology" to arrive at the nine opinions he recites in his report because his opinions are based only on photographs, deposition transcripts, common sense, and his training, education, and experience" and do not rely on "scientific, technical, or other specialized knowledge" ).)

In response, Ms. Hummel asserts that Mr. Baird's methodology is reliable because Mr. Baird is a highly qualified safety expert who possesses specialized knowledge gained through decades of training and professional experience; that his opinions are based on sufficient data for an experience-based expert; and that the absence of slip resistance or coefficient of friction testing is not a basis for the exclusion of Mr. Baird's report.  (Resp. at 14-17.)  The court agrees with Ms. Hummel.

//

ORDER - 6

For "non-scientific testimony," the reliability inquiry of "the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *Hangarter*, 373 F.3d at 1017 (citation omitted) (emphasis in original); *see also Kumho Tire*, 526 U.S. at 150 ("Engineering testimony rests upon scientific foundations, the reliability of which will be at issue in some cases . . . . In other cases, the relevant reliability concerns may focus upon *personal knowledge or experience*.") (emphasis added).  Here, Mr. Baird's credentials and experience reveal he is qualified as an expert to offer the nine challenged opinions. (*See* Resp. at 14-15; *see also* Baird CV.)  Mr. Baird relied upon multiple facts and data in his report such as an interview with Ms. Hummel, review of photographs of Ms. Hummel's injuries as well as the location where she fell, and a site inspection conducted by one of his associates on September 8, 2023.  (Resp. at 15-16; *see also* Baird Report.)  The court finds that reliability in the instant matter depends heavily on Mr. Baird's specialized knowledge and experience rather than scientific or technical data. Furthermore, the court is not persuaded by US Bank's assertion that this is "a weight-not-admissibility issue, because opinions that have no basis have no *weight*."  (MTE at 10.) US Bank may attack the basis for Mr. Baird's opinions during cross-examination at trial. *See Primiano*, 598 F.3d at 564 ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.") (citation omitted).  Thus, the court concludes that Mr. Baird has provided a sufficient foundation of reliability for his opinion testimony.

2.    Mr. Baird's testimony is relevant.

The parties dispute whether Mr. Baird's testimony is relevant to helping the trier of fact understand the evidence or determine a fact in issue. US Bank argues that there is "nothing that [Mr. Baird] can offer [in his testimony] that [] the Court cannot do for [itself]" because Mr. Baird is not "presenting testing results, data, or distilling scientific literature" but rather is relying on photographs, deposition transcripts, and common sense. (MTE at 14.) The court disagrees.

The relevancy bar is low, demanding only that the proposed expert testimony "logically advance[] a material aspect of the proposing party's case." *Daubert II*, 43 F.3d at 1315. An expert opinion is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano,* 598 F.3d at 565. Here, the knowledge underlying Mr. Baird's expert report has a valid connection to the instant matter and logically advances a material aspect of the case. The court is not convinced by US Bank's argument that Mr. Baird's testimony "would serve only to muddle the issues at trial" and "mislead the trier of fact." (MTE at 9, 12.) The court is the trier of fact and will be able to wade through any confusion asserted by US Bank. (*See* MTE at 14.); s*ee also Shore*, 644 F.2d at 1322–23; *E.E.O.C.*, 31 F.3d at 898. Thus, the court concludes that Mr. Baird's testimony is relevant.

3.    Mr. Baird's New Declaration violates Rule 26(a)(2)(B).

US Bank argues that the court should reject Mr. Baird's new declaration, which Ms. Hummel included with her response to US Bank's motion, because it violates Federal Rule of Civil Procedure 26(a)(2) by "introduc[ing] additional factual assertions,

new methodologies, and additional training and experience not in [Mr. Baird's] original report." (Reply at 2; *see* Resp. at 12; *see also* Baird Decl. (Dkt. # 35-2).)  US Bank asserts that Mr. Baird's new declaration unfairly prejudices it by expanding the scope of Mr. Baird's testimony long after the expert discovery deadline and Mr. Baird's deposition.  (*Id*. at 2-3.)  The court agrees.

Rule 26(a)(2) provides that disclosures of witnesses "retained or specially employed to provide expert testimony in the case" must "be accompanied by a written report" that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  Trial testimony of an expert is limited to the information contained in their expert report.  *See U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011) (finding no abuse of discretion where a trial court "limit[ed] expert testimony to the expert's area of expertise and the subjects contained in the expert's disclosure").  Parties are required to make expert testimony disclosures "at the times and in the sequence that the court orders." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 739 (9th Cir. 2021) (citation omitted); Fed. R. Civ. P. 26(a)(2)(D).

//

ORDER - 9

Here, the deadline for the disclosure of expert testimony was October 9, 2024. (3/1/24 Min. Order (Dkt. # 16) at 1.)  Ms. Hummel cannot supplement Mr. Baird's expert report with his new declaration.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).  Therefore, the court strictly limits Mr. Baird's testimony to the nine opinions in his expert report and the previously disclosed facts supporting them.  He may not offer additional or clarified opinions or facts beyond those disclosed in his expert report.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES US Bank's motion to exclude Mr. Baird's expert testimony (Dkt. # 34), but limits that testimony to the opinions and facts set forth in Mr. Baird's preliminary opinion report.

Dated this 29th day of January, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 10